In the United States District Court
for the District of Utah, Central Division

| | |
|---|---|
| CAROL AND PHILLIP RABOIN,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAVEL CENTERS OF AMERICA, INC., and TA OPERATING CORPORATION, a Delaware Corporation, and/or their subsidiaries and/or legal entities, d/b/a TRAVEL CENTERS OF AMERICA,<br><br>Defendants. | **ORDER**<br><br>Case No. 2:04 CV 308 JTG |

      This matter is before the Court on plaintiffs' and defendant's Stipulated Motion to Dismiss With Prejudice, and Liberty Mutual Insurance Company's Motion to Intervene and its Objection to the aforesaid Stipulated Motion to Dismiss.

### FACTUAL BACKGROUND

      Claims asserted by plaintiffs were properly removed from state court to federal court. Thereafter, substantial discovery proceedings were conducted concerning the personal injuries suffered by plaintiff Carol Raboin as well as the loss of consortium claim brought by plaintiff Phillip Raboin.

      On September 20, 2005, the Court received a letter from counsel for the plaintiffs asserting that the case had been fully settled, and that stipulated dismissal documents would be submitted to the Court. Unbeknownst to the Court, the parties had entered into a private

mediation, which after much negotiation resulted in a written settlement agreement and Release executed by all parties in September 2005.  The settlement was dispositive of all matters, including allocation of $500,000 which was the agreed upon settlement, except that $37,500 (net after payment of 40% attorney fees) relating to Phillip Raboin's loss of consortium claim was placed in escrow.  Liberty Mutual agreed that Phillip Raboin should be allocated 12½ % of the total settlement for his loss of consortium claim, which has been paid.  However, Liberty Mutual disputed the proposed allocation to Phillip of the remaining 12½ %.  The proposed allocation of the escrowed funds to Phillip was agreed upon by the other parties to the Settlement Agreement. The disputed issue is whether the value of Phillip's consortium claim is sufficient to justify allocation of the escrowed funds to Phillip.  All of the parties to the settlement agreement, including Liberty Mutual, agreed that "they will be bound by any Utah Federal Court Order concerning the value of Phillip Raboin's loss of consortium claim."

On April 5, 2006, this Court issued an Order setting an evidentiary hearing to determine the value of the loss of consortium claim, and whether it would be fair and reasonable to allocate the contested amount of $37,500, held in escrow, to Phillip Raboin.  On May 22, 2006, the parties to the Settlement Agreement came before the Court to present evidence to determine the value of the consortium claim and allocation of the said $37,500.  Both plaintiffs testified under oath in open court as to the aforesaid matter, including why the escrowed funds should be allotted to Phillip Raboin's loss of consortium claim.  The defendant presented no evidence, but submitted its position in agreement that allocation of the escrowed funds to Phillip would be fair and equitable.  Liberty Mutual presented no evidence at the hearing, but did present

oral argument.

The Court denied Liberty Mutual's Motion to Intervene because the motion was untimely. Liberty Mutual filed its Motion to Intervene after the settlement agreement was signed by all parties thereto, including Liberty Mutual. Liberty Mutual had already signed the settlement agreement, and had agreed that the only matter to be presented to the Court was determination of the value of the consortium claim. In its Motion to Intervene, Liberty Mutual raised matters not contemplated in what was to be decided by the Federal Judge, i.e. the value of the consortium claim and the fairness of allocation of the escrowed funds to Phillip. As a party to the settlement, Liberty Mutual knew that disbursement of the $500,000 settlement "should not be forestalled" and that the escrow holder was authorized to receive and disburse all funds. Under the circumstances, prior to agreeing to the settlement terms by executing the settlement agreement, Liberty Mutual was not impaired or impeded in presenting any matters which it determined would be in its best interest. But for whatever reason Liberty Mutual chose not to file for intervention until after the settlement agreement was signed. The Motion to Intervene was untimely because the Release Agreement had already been fully negotiated, drafted and finally signed by all parties, including Liberty Mutual. Input was received from a Liberty Mutual representative via telephone before Liberty Mutual signed. In the Release Agreement there was no clause stating that Wisconsin law was to be applied in determining the value of the consortium claim. The narrow matter which was to be determined by this Court did not contemplate anything except the value determination. Liberty Mutual could have intervened to raise other issues before, but not after it signed the agreement which limited the scope of what was to be determined. The Release Agreement made clear that the value and allocation of the

contested amount of $37,500 in escrow was the only aspect of the Agreement to be determined by a Federal Judge of this Court.

### FINDINGS OF FACT

After due consideration of the testimony presented, as well as review of the briefs and other documents that were filed, the Court makes and enters the following Findings of Fact:

1. The loss of consortium claim of Phillip Raboin is 25% of the $500,000 settlement. The gross amount of the claim is $125,000 and the net amount of the claim is $75,000 (net after payment of 40% attorney fees).  The amount of $37,500 in escrow is one half of the net claim of Phillip Raboin.

2. The total value of the loss of consortium claim of Phillip Raboin as determined by this Court is equal to or over $125,000 (gross) and $75,000 (net after deduction of attorney fees).

3. The total value of Phillip Raboin's loss of consortium claim as determined by this Court is fair, equitable and reasonable, and allocation of the total value to Phillip is appropriate, fair and reasonable.

4. Phillips loss of consortium claim is unique and of very unusual value, and based upon the totality of evidence before the Court it is worth at least 25% of the entire settlement.  As plaintiff Carol Raboin eloquently testified, Phillip Raboin "lost a lot" when she fell into the uncovered manhole.  He lost the constant association and companionship of his wife, which had amounted to a partnership in which they worked together as long haul truck drivers – side by side – virtually every day of the year, except for a short vacation which they spent together.  Phillip lost not only her physical ability to be beside him everyday at work, but he lost – even more importantly – her comradery and support in working together in their partnership to achieve

common goals.

5.  Plaintiff Phillip Raboin is entitled to receive the entire $37,500 that has been held in escrow. Payment of the escrowed funds of $37,500 to Phillip Raboin will extinguish his loss of consortium claim.

Based upon the foregoing, it is hereby

ORDERED, that Phillip Raboin shall receive the escrowed funds in the amount of $37,500, and the escrow holder is ordered to deliver those funds to Phillip Raboin forthwith; it is

FURTHER ORDERED, that Liberty Mutual's Objection to the pending Motion to Dismiss is DENIED; it is

FURTHER ORDERED, that Liberty Mutual's Motion to Intervene is DENIED; it is

FURTHER ORDERED, that the Stipulated Motion to Dismiss this case with prejudice is GRANTED.

DATED this 12th day of June, 2006.

_J. Thomas Greene_
J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE